UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH P. HERNIK,

                 Plaintiff,

v.                                                   **DECISION AND ORDER**
                                                        05-CV-383S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

       1.        Plaintiff Kenneth P. Hernik challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since April 12, 2002, due to cervical disc disease. Plaintiff contends that his impairment renders him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

       2.        Plaintiff filed an application for disability insurance benefits on October 22, 2002. After his application was denied, he requested an administrative hearing before an ALJ, which was held on December 15, 2004. Plaintiff appeared at the hearing with counsel and presented testimony. The ALJ considered the case *de novo*, and on February 18, 2005, issued a decision denying Plaintiff's application for benefits. On May 6, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 1, 2005, challenging Defendant's final decision.[1]

       3.        On November 7, 2005, Defendant and Plaintiff filed Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 4, 6.) After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement. For the reasons stated below, Plaintiff's Motion for

---

[1] The ALJ's February 18, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Judgment on the Pleadings is granted and Defendant's motion seeking the same relief is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.     While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 17);[2] (2) Plaintiff's cervical disc disease constitutes a "severe" impairment within the meaning of the Act (R. at 17); (3) Plaintiff's impairment does not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 18); (4) Plaintiff retained the residual functional capacity for "light exertional work activity with routine, repetitive tasks" (R. at 18); and (5) Plaintiff's past relevant work as a meter reader did not require any of the tasks precluded by his residual functional capacity (R. at 18). Ultimately, because he found that Plaintiff's cervical disc disease does not prevent him from performing his past relevant work as a meter reader, the ALJ determined that Plaintiff was not under a "disability" as defined in the Act at any time prior to his February 18, 2005 decision. (R. at 18.)

10. The first challenge to the ALJ's decision is that he failed to consider and discuss Plaintiff's lengthy employment history in his credibility determination. "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established

---

[2] Citations to the underlying administrative record are designated as "R."

history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

In the present case, it appears undisputed that Plaintiff has a lengthy and good work history. Plaintiff worked as a millwright for thirty-three years, with his wages steadily rising each year. (R. at 58-60, 190.) After his employer deregulated and his position as a millwright was eliminated, Plaintiff began working as a meter reader, a position that he held for one and one-half years prior to his injury. (R. at 181.)

Based upon this work history, the ALJ was clearly required to afford "substantial credibility" to Plaintiff's claim that he is unable to work because of his disability or specifically state in his decision why Plaintiff was not credible despite his work history. Rivera, 717 F.2d at 725. However, the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, he afforded it.[3] The credibility finding therefore does not comply with the governing case law.

From this Court's review of the record, it appears that Plaintiff is "not the type of claimant who appears to be feigning disability." Patterson, 978 F. Supp. at 519. This, however, is a determination reserved to the ALJ. Because the ALJ's credibility finding is legally deficient, this Court will remand this case so that the ALJ can properly consider Plaintiff's work history and afford it the required weight.

---

[3] Beyond noting that Plaintiff had past relevant work experience as a millwright and meter reader, (R. at 12, 16, 17), the ALJ did not discuss Plaintiff's work history.

11. Plaintiff also argues that (1) the ALJ's residual functional capacity finding is not supported by the record, and (2) both the ALJ and the vocational expert incorrectly identified his past employment as a meter reader as unskilled work. Because this case will be remanded for further proceedings, this Court will not address these arguments at this time. However, the ALJ shall consider these arguments on remand and in particular, determine the proper classification of Plaintiff's past employment.

12. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: July 20, 2006
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge